McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:05-CR-205 AWI |
| Plaintiff, | PRELIMINARY ORDER OF FORFEITURE AND PUBLICATION THEREOF |
| v. | |
| GAYLIA LOMBARDO, and JASON PATRICK LOMBARDO, | |
| Defendants. | |

Based upon the plea agreements entered into between plaintiff United States of America and defendants Gaylia Lombardo and Jason Patrick Lombardo, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 21 U.S.C. § 853(a) and Fed. R. Crim. P. 32.2(b)(1), defendants Gaylia Lombardo and Jason Patrick Lombardo's interest in the following properties shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a. A personal forfeiture money judgment in the amount of $150,000 in lieu of the real property located at 15600 Oak Street, Delhi, California, APN: 047-040-019;

    b. Real property located on Noah Drive, Atwater, California, APN: 059-530-052;

    c. Approximately $20,905.00 in U.S. Currency;

    d. 2002 GMC Sierra 4x4 Pickup, License Number 6V46987, VIN: 2GTEK19TX21212155;

1

   e.  1999 Chevrolet Corvette, License Number 5DAE322, VIN: 1G1YY32G2X5110853;

   f.  1997 Sanger Boat, License Number CF8730PC, VIN: SANLX267G697, with Trailer License Number 4EU2495;

   g.  Approximately $54,768.95 in U.S. Currency seized from Wells Fargo Bank, Account Number 5204175581, held in the name of Jason Patrick Lombardo; and

   h.  Approximately $8,664.26 in U.S. Currency seized from Wells Fargo Bank, Account Number 277-0037162, held in the name of Jason Patrick Lombardo.

  2.  The above-listed properties constitute or are derived from proceeds defendants obtained, directly or indirectly, or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 846 and/or 841(a)(1).

  3.  In lieu of the forfeiture of the real property located at 15600 Oak Street, Delhi, California, which was used to facilitate the commission of a violation of 21 U.S.C. § 841(a)(1), defendant Gaylia Lombardo agreed to the imposition of a $150,000 personal forfeiture money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1) and 21 U.S.C. § 853.  The specific assets referenced above in paragraph 1.b-h should not set off against the money judgment.  Defendants shall not sell, transfer, encumber, convey, or otherwise dispose of any of their assets, including but not limited to, the real property located at 15600 Oak Street, Delhi, California except to satisfy this judgment.

  4.  Defendant Gaylia Lombardo agreed to sign a Stipulation for Final Judgment of Forfeiture in civil case <u>United States of America v. Approximately $67,350 in U.S. Currency, Seized From Delta National Bank Safe Deposit Box Number 23052</u>, 1:05-CV-01559 AWI-SMS, prior to sentencing forfeiting her interest in those funds.  Should the claim of any party prevent receipt of the entire amount of the $67,350, defendant Gaylia Lombardo agreed to increase the amount of the forfeiture money judgment by the amount claimed by such party or parties.

  5.  To satisfy the forfeiture money judgment defendant Gaylia Lombardo shall deposit with the U.S. Attorney's Office the total amount of the agreed money judgment within six

months from the date her sentence is orally pronounced. Payment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Att: Asset Forfeiture Unit, 2500 Tulare Street, 4401 Federal Building, Fresno, CA 93721. If any such funds are received prior to sentencing, any funds delivered to the United States to satisfy the personal money judgment shall be held and maintained by the U.S. Marshals Service, in its secure custody and control. At sentencing, and upon the imposition of the forfeiture money judgment, such funds shall be forfeited to the United States to be disposed of as provided for by law.

6. If payment of the forfeiture money judgment is not received by the United States within six months of the date of oral pronouncement of sentence, the U.S. Marshals Service shall be authorized to sell the real property located at 15600 Oak Street, Delhi, California, APN: 047-040-019, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. The United States shall receive through escrow the net proceeds up to the balance owing on the money judgment, less payments for costs of selling the property, legitimate liens and taxes that exist on the above-listed real property. Defendant Gaylia Lombardo shall receive all remaining amounts after payment of costs of sale, legitimate liens, taxes, and repairs or costs incurred by the U.S. Marshals Service. Defendant Gaylia Lombardo shall maintain the real property in the same condition and repair as existed as of July 15, 2005, normal wear and tear excepted, until she has paid the forfeiture money judgment, or vacated the premises.

7. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described properties. The aforementioned properties shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

8.     a. Pursuant to 21 U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Merced Sun Star</u> (Merced County) and in the <u>Modesto Bee</u> (Stanislaus County), newspapers of general circulation located in the counties in which the above-described properties were seized or are located, notice of this Order, notice of the Attorney General's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or

1 claiming a legal interest in the above-listed properties must file a petition with the Court within
2 thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is
3 earlier.

4       b. This notice shall state that the petition shall be for a hearing to adjudicate the
5 validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under
6 penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest
7 in the properties and any additional facts supporting the petitioner's claim and the relief sought.

8       c. The United States may also, to the extent practicable, provide direct written
9 notice to any person known to have alleged an interest in the properties that are the subject of the
10 Order of Forfeiture, as a substitute for published notice as to those persons so notified.

11    9. If a petition is timely filed, upon adjudication of all third-party interests, if any, this
12 Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a) and Fed. R. Crim. P.
13 32.2(b)(1), in which all interests will be addressed.

14

15 IT IS SO ORDERED.

16 **Dated:   February 1, 2008**          /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE