```
McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:05-CR-00205 AWI |
| ) | |
| Plaintiff, ) | STIPULATION FOR SETTLEMENT |
| ) | AND ORDER THEREON |
| v. ) | |
| ) | |
| GAYLIA LOMBARDO, and ) | |
| JASON PATRICK LOMBARDO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    This stipulated settlement is entered into between plaintiff United States of America, and Petitioner GMAC LLC f/k/a General Motors Acceptance Corporation ("GMAC") by and through their respective counsels, according to the following terms:

    1. On February 4, 2008, the Court entered a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest of defendants Gaylia Lombardo and Jason Patirck Lombardo in the following property:

        a. A personal forfeiture money judgment in the amount of $150,000 in lieu of the real property located at 15600 Oak Street, Delhi, California, APN: 047-040-019;

        b. Real property located on Noah Drive, Atwater, California, APN: 059-530-052;

        c. Approximately $20,905.00 in U.S. Currency;

        d. 2002 GMC Sierra 4x4 Pickup, License Number 6V46987, VIN: 2GTEK19TX21212155;

   e.  1999 Chevrolet Corvette, License Number 5DAE322, VIN: 1G1YY32G2X5110853;

   f.  1997 Sanger Boat, License Number CF8730PC, VIN: SANLX267G697, with Trailer License Number 4EU2495;

   g.  Approximately $54,768.95 in U.S. Currency seized from Wells Fargo Bank, Account Number 5204175581, held in the name of Jason Patrick Lombardo; and

   h.  Approximately $8,664.26 in U.S. Currency seized from Wells Fargo Bank, Account Number 277-0037162, held in the name of Jason Patrick Lombardo.

 2.  Pursuant to 21 U.S.C. § 853(n)(2), third parties asserting a legal interest in the above-described forfeited property are entitled to a judicial determination of the validity of the legal claims or interests they assert.

 3.  On February 27, 2008, GMAC filed a Petition of Lienholder GMAC LLC f/k/a General Motors Acceptance Corporation for Ancillary Hearing.  GMAC asserts a claim to the 2002 GMC Sierra 4x4 Pickup, License Number 6V46987, VIN: 2GTEK19TX21212155 for the following reasons:

   a.  On or about January 25, 2002, defendant Jason Patrick Lombardo ("Lombardo") entered into a motor vehicle retail installment contract ("Installment Contract") with Alfred Mathews, Inc. for the purchase of a 2002 GMC Sierra 4x4 Pickup, License Number 6V46987, VIN: 2GTEK19TX21212155 ("vehicle").  Alfred Mathews Inc. assigned the Installment Contract and the security interest in the vehicle to GMAC.  The Installment Contract is secured by a certificate of title.  The Certificate of Title was issued and assigned on February 22, 2002, California DMV Record No. CA60310507.  The Certificate of Title secures, among other things, funds issued pursuant to the Installment Contract in the original amount of $13,621.81.  The length of time and payment provisions of this loan are: annual percentage rate of 5.90%; 59 monthly installments of $262.71 beginning February 24, 2002; and one final payment of $262.71 on January 24, 2007.

   b.  There is presently due and owing on the Installment Contract a principal balance of $4,719.85, together with interest (financing and late charges) in the amount of $1,021.80 at the rate of 5.90% per diem from July 24, 2005.  The Installment Contract is

presently in default as a consequence of Lombardo's failure to pay installments as provided therein. The Installment Contract has been in such default since July 24, 2005.

4. The parties herein desire to settle the claim of GMAC regarding its claim to the vehicle. Plaintiff United States of America agrees that upon entry of a Final Order of Forfeiture forfeiting the vehicle to the United States and sale of the vehicle, the United States will not contest payment to petitioner GMAC the following:

   a. In full and final satisfaction of its Installment Contract with Lombardo, a sum of $4,719.85, together with interest (financing and late charges) in the amount of $1,021.80 at the rate of 5.90% per diem, less any principal payments made between July 24, 2005, and the date of payment; plus interest on the unpaid principal sum at the contractual (not default) rate. The exact amount to be paid to petitioner shall be determined at the time of payment. This settlement satisfies the petition filed by GMAC on February 27, 2008.

5. Petitioner GMAC releases plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with seizure, detention, forfeiture and sale of the vehicle. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, detention, forfeiture and sale, as well as to those now known or disclosed. The parties to this agreement waive the provisions of California Civil Code § 1542 which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in its favor at the time of executing the release, which if known by it must have materially affected the settlement.

6. No final order shall be entered in this action inconsistent with or adverse to any provisions of this stipulation, and to the extent any final order entered in this action is inconsistent with or adverse thereto, such order shall be void as against GMAC.

7. GMAC understands and agrees that the United States reserves the right to void this agreement if, before payment of the lien, the U.S. Attorney obtains new information indicating that the lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to

1  terminate the forfeiture at any time and release the property.  In either event, the Government
2  shall promptly notify the lien holder of such action.  A discretionary termination of forfeiture
3  shall not be a basis for any award of fees.
4      8. The parties agree to execute further documents, to the extent necessary, to further
5  implement the terms of this settlement.
6      9. The terms of this settlement agreement are contingent upon forfeiture of the above
7  listed vehicle to the United States and the Court's entry of a Final Order of Forfeiture.  Further,
8  the terms of this settlement agreement shall be subject to approval by the United States District
9  Court and any violation of any terms or conditions shall be construed as a violation of an Order
10 of the Court.
11     10. In accepting the payoff specified in paragraph 4(a) above, GMAC shall be considered
12 to be acting in accordance with the Court's Final Order of Forfeiture.
13     11. All parties will bear their own costs and attorney's fees.

DATED: 4/30/08                     McGREGOR W. SCOTT
                                   United States Attorney

                                   /s/ Kathleen A. Servatius
                                   KATHLEEN A. SERVATIUS
                                   Assistant U.S. Attorney

DATED: 4/25/08                     /s/ David E. Pinch
                                   DAVID E. PINCH
                                   Attorney for Petitioner General Motors Acceptance
                                   Corporation

DATED: 4/22/08                     /s/ Norris Ory
                                   NORRIS ORY
                                   General Motors Acceptance Corporation

                                   (original signatures retained by attorney)

IT IS SO ORDERED.

**Dated:   April 30, 2008**              /s/ Anthony W. Ishii
                                   UNITED STATES DISTRICT JUDGE